**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OR ROTHSCHILD and KARLHEINZ SKELTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STANLEY BLACK & DECKER, INC.,<br><br>Defendant. | Case No. 3:26-cv-01013<br><br>Hon. Sarala V. Nagala |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

Plaintiffs Or Rothschild and Karlheinz Skelton (collectively, "Plaintiffs") respectfully and jointly move under Rule 23(g) to appoint Terence R. Coates of Markovits, Stock & DeMarco, LLC ("MSD"), and Zachary Arbitman of Feldman Shepherd Wohlgelernter Tanner Weinstock Dodig LLP ("Feldman Shepherd") as Interim Class Counsel in this consolidated action. This unopposed motion is supported by the Declarations of Terence R. Coates ("Coates Decl.," attached hereto as **Exhibit 1**) and Zachary Arbitman ("Arbitman Decl.," attached hereto as **Exhibit 2**). A Proposed Order is also submitted herewith.

Undersigned counsel has conferred with counsel for Defendant Stanley Black & Decker, Inc., who takes no position on appointment of interim class counsel.

## INTRODUCTION

On August 14, 2026, the Parties in *Rothschild v. Stanley Black & Decker, Inc.*, No. 3:26-cv-01013 (D. Conn.) and *Skelton v. Stanley Black & Decker, Inc.*, No. 3:26-cv-01268 (D. Conn.) filed a stipulation to consolidate their cases. ECF No. 35. On August 19, 2026, the Court consolidated the cases and ordered Plaintiffs to file motions for appointment of interim class counsel by September 8, 2026. ECF No. 41. To further promote litigation economy, efficiency, and to avoid undue delay, and pursuant to Rule 23(g), Plaintiffs move for the appointment of Terence R. Coates of MSD and Zachary Arbitman of Feldman Shepherd as Interim Class Counsel in the consolidated action. Plaintiffs and their counsel in these related actions pending before this Court unanimously agree to the proposed leadership structure.

## ARGUMENT

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" *Manual for Complex Litigation (Fourth)* § 21.11; *see also In re Coinbase Customer Data Sec. Breach Litig.*, No. 25-MD-3153 (ER), 2025 WL 3496322, at *1 (S.D.N.Y. Dec. 5, 2025)(same). The Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

"In appointing interim class counsel, courts consider: '(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions ... and the types of claims asserted in the action; (iii) counsel's knowledge of the

applicable law; and (iv) the resources that counsel will commit to representing the class[.]'" *Leam v. PepsiCo, Inc.*, 2026 WL 2212958, at *1 (S.D.N.Y. July 31, 2026)(quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)).

The purpose of the Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." *Manual for Complex Litigation (Fourth)* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221. Appointing Mr. Coates of MSD and Mr. Arbitman of Feldman Shepherd as Interim Class Counsel in this consolidated action would satisfy this goal and the aims of Rule 23(g).

## I. Proposed Interim Class Counsel are qualified and resourced to serve in that capacity.

### A. Terence R. Coates – MSD

Terence R. Coates is the managing partner of MSD in Cincinnati, Ohio and has been practicing law since 2009. Coates Decl., ¶ 1. He is the current President of the Cincinnati Bar Association, Executive Director of the Potter Stewart Inn of Court, and appointed member of the Southern District of Ohio Local Rules Committee. *Id*. Mr. Coates has extensive experience handling complex and class action cases including consumer, securities, environmental, and data privacy litigation. *Id*. ¶¶ 2–4.

Mr. Coates has been sole or co-lead counsel in many recent and notable class action settlements including but not limited to, *Shy v. Navistar International Corp.*, No. 92-cv-333 (S.D. Ohio) (recently appointed class counsel for a class action settlement valued at over $742 million); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414 (S.D. Ohio) ($4.25 million common fund settlement finally approved on June 28, 2022); *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-726

(S.D. Ohio) ($3.65 million common fund settlement finally approved on September 30, 2022); *Ryder v. Wells Fargo Bank, N.A.*, No. 1:19-cv-638, 2022 WL 223570 (S.D. Ohio Jan. 25, 2022) (member of class counsel in a $12 million settlement on behalf of roughly 1,830 class members); *In re Advocate Aurora Health Pixel Litig.*, 740 F. Supp. 3d 736, 742, 765 (E.D. Wis. 2024) (co-lead class counsel in a $12.225 million data pixel class action settlement); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851 (N.D. Ga.) (co-lead class counsel in an $8.9 million data breach class action settlement); *Sherwood v. Horizon Actuarial Servs., LLC*, No. 1:22-cv-1495, 2024 WL 6963838 (N.D. Ga. Apr. 2, 2024) (co-lead counsel in an $8,733,446.36 data breach class action settlement); and *Durgan v. U-Haul Int'l Inc.*, No. 2:22-cv-1565 (D. Ariz.) (sole class counsel in a $5,085,000 data breach class action settlement). Coates Decl. ¶¶ 2-3.

Moreover, Mr. Coates has extensive experience participating in other high-profile class action cases including *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639 (D.D.C.) (assisted in representing the Ohio public pension funds as lead plaintiffs in a Section 10b-5 class action resulting in a $153 million settlement); *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 4:09-cv-1967 (N.D. Cal.); *see also O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015) (served as counsel for NCAA, Olympic, and NBA legend Oscar Robertson in antitrust claims against the National Collegiate Athletic Association, Collegiate Licensing Company, and Electronic Arts resulting in a $40 million settlement with Electronic Arts and Collegiate Licensing Company and the Court issuing a permanent injunction against the NCAA for unreasonably restraining trade in violation of antitrust law); and *Williams v. Duke Energy*, No. 1:08-cv-0046 (S.D. Ohio) (served as counsel for plaintiffs in a complex antitrust and RICO class action resulting in the court granting final approval of an $80.875 million settlement). Coates Decl. ¶ 4.

Federal courts have recognized Mr. Coates and his firm as being experienced with handling complex cases including class actions. *Miranda v. Xavier Univ.*, No. 1:20-cv-539, 2023 WL 6443122, at *2 (S.D. Ohio Oct. 3, 2023) ("Plaintiffs are represented by extremely qualified counsel with extensive experience prosecuting class actions."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 402 (S.D. Ohio 2023) (recognizing Mr. Coates and his firm as "qualified counsel" with "class-action experience before this Court and elsewhere."); *see also Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (recognizing Mr. Coates as "well qualified to serve as Interim Co-Lead Class Counsel…"). Coates Decl. ¶ 3.

Based on his experience in class action cases, Mr. Coates is qualified to assist Plaintiffs in this matter as a member of Proposed Interim Class Counsel.

**B. Zachary Arbitman – Feldman Shepherd**

Zachary Arbitman is a Partner and head of the class action and whistleblower representation groups at Feldman Shepherd in Philadelphia, Pennsylvania. Arbitman Decl. ¶ 1. Before focusing his practice on representing plaintiffs in high-stakes cases, Mr. Arbitman worked at Fox Rothschild LLP, where he defended and resolved several class actions—an experience that affords him insight into and anticipation of class action defense strategies. *Id*. Mr. Arbitman next practiced at elite plaintiff-side litigation boutiques Kessler Topaz Meltzer & Check, LLP and Youman & Caputo, LLC before joining his current firm. *Id*.

Currently, Mr. Arbitman serves as lead or co-lead class counsel in numerous nationwide class actions. *See, e.g.*, *Clark v. Nordic Naturals Inc.*, No. 24-CV-4058 (N.D. Cal.); *Hamzeh v.*

*Pharmavite LLC*, No. 4:24-cv-472 (N.D. Cal.); *Anderson v. Electrolux Home Prod., Inc.*, No. 23-cv-00560 (W.D.N.C.). He was recently appointed to lead a nationwide class action pending in another District Court in this Circuit. *In re Snuga Swing Litigation*, Master File No. 1:24-cv-992, ECF 25 (W.D.N.Y.). And several of the leadership positions Mr. Arbitman holds elsewhere throughout the country are court-appointed. *Collins v. NTN Bearing Corp. of America*, 2024-LA-000075, Env #36782622 (16th Cir. Ct. Kane Cnty. Ill.); *Delahoy v. Samsung Elec. Am., Inc.*, No. 22-4132, ECF 45 (D.N.J.).

Over his career, Mr. Arbitman has helped obtain a number of significant recoveries on behalf of consumers, including in *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements in antitrust class action alleging defendants unlawfully allocated customers and markets and fixed the price of liquid aluminum sulfate); *In re The Bank of New York Mellon ADR FX Litig.*, No. 1:16-cv-212 (S.D.N.Y.) ($72.5 million settlement in class action alleging BNY Mellon overcharged American depositary receipt holders for the conversion of foreign currency dividends to U.S. dollars); and *In re Zinc Antitrust Litig.*, No. 14 Civ-3728 (S.D.N.Y.) ($9.85 million recovery in an antitrust class action alleging monopolization and attempted monopolization conduct resulting in inflated market pricing for Special High Grade Zinc).

Mr. Arbitman's firm, Feldman Shepherd, is also one of the few firms in the country that has tried class actions to a successful plaintiff verdict. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1 (Pa. 2011). In *Samuel-Bassett*, Feldman Shepherd obtained a $6 million verdict against Kia Motors in a class action concerning a defective braking system. *Samuel-Bassett*, 34 A.3d at 13. The verdict was affirmed by the Pennsylvania Supreme Court and ultimately led to Kia paying more than $10 million to class members.

Outside the office, Mr. Arbitman remains active in his community. Arbitman Decl. ¶ 2. He recently finished two terms as an elected member of the Board of Directors of the Public Interest Law Center, where he was Chair of its Nominations Committee. *Id*. Mr. Arbitman also serves as Chair of the Federal Courts Committee of the Philadelphia Bar Association. *Id.* Previously, Mr. Arbitman served on the Executive Committee of Justice Rising Advocates for Community Legal Services of Philadelphia. *Id*. Given his background, and deep experience in class action cases, Mr. Arbitman is qualified to assist Plaintiffs in this matter as one of the Proposed Interim Class Counsel.

## II. Proposed Interim Class Counsel performed substantial work investigating this action.

Courts may consider the work and resources counsel expend in investigating the claims asserted when appointing lead counsel. *See, e.g., Daly v. W. Monroe Partners, Inc.*, No. 21 C 6805, No. 22 C 781, 2022 WL 2159843, at *1–2 (N.D. Ill. June 15, 2022) (considering counsel's work in investigating plaintiffs' claims as a factor in appointing interim class counsel); *Adedipe v. U.S. Bank, Nat'l Ass'n*, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel in part because they "devoted the more substantial effort toward pre-suit investigation and identification of claims").

Here, Proposed Interim Class Counsel filed the first of the consolidated actions, and their proposed team includes counsel for the actions filed thus far. Before filing their complaint, Proposed Interim Class Counsel investigated the facts surrounding the controversy and analyzed the merits of the class claims. *See* Coates Decl. ¶ 5; Arbitman Decl. ¶ 3. Since filing, they voluntarily self-organized and agreed on a plan to manage and consolidate the related actions. *See* Coates Decl. ¶ 6; Arbitman Decl. ¶ 4. To ensure the orderly progress of the actions, they have also communicated with defense counsel concerning early case management issues. *See* Coates Decl. ¶ 7; Arbitman Decl. ¶ 5. Moreover, Proposed Interim Class Counsel worked quickly to organize

in order to avoid any delay that could result from multiple similar cases filed in the same District and will continue to address the merits of the case as expeditiously as possible.

Accordingly, the meaningful work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Rule 23(g)(3)—they are organized, unified, and committed to working together for the best interests of the class.

**III. Proposed Interim Class Counsel have relevant experience and knowledge.**

Proposed Interim Class Counsel are well-qualified to lead this case. Each attorney has a track record of successfully litigating and resolving consumer class actions and other complex cases. *See Smith v. State Farm Mutual Auto. Ins. Co.*, 301 F.R.D. 284, 289-290 (N.D. Ill. 2014) (considering class counsel's experience in class action cases when appointing interim class counsel). Proposed Interim Class Counsel have ample experience prosecuting class actions and are highly knowledgeable about the law applicable to this litigation, including with respect to the claims advanced in this matter.

As set forth above and in the accompanying firm resumes, Proposed Interim Class Counsel, and the attorneys at their respective law firms, have a long track record of successfully litigating large-scale consumer and complex actions. *See* Coates Decl. at Ex. A; Arbitman Decl. at Ex. A. As this litigation raises claims based on both common law and state statutes, it is crucial that appointed leadership have knowledge of the substantive laws at issue and experience litigating these causes of action specifically in the class action context, given the often-complex interplay between substantive law and the dictates of Rule 23.

Here, Proposed Interim Class Counsel all possess the requisite experience, skill, and knowledge to prosecute this case. *See* Coates Decl. ¶¶ 5, 8; Arbitman Decl. ¶ 3. That experience will allow them to skillfully litigate this specific case in the best interests of Plaintiffs and the Class.

**IV. Proposed Interim Class Counsel will commit all necessary resources to representing the class.**

The final Rule 23(g)(1)(A)(iv) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members licensed across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. And, as their firm résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial. See Coates Decl. ¶ 5, 8; Arbitman Decl. ¶¶ 3, 6.

The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the Class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

As interim class counsel, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigation, and are committed to working cooperatively and efficiently for the benefit of the class.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court appoint Terence R. Coates of MSD and Zachary Arbitman of Feldman Shepherd as Interim Class Counsel in the consolidated action.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Oren Faircloth*
Oren Faircloth (Bar No. ct30530)
**SIRI & GLIMSTAD LLP**
100 Pearl Street 14th Floor - #16946876
Hartford, CT 06103
Tel: (929) 677-5181
ofaircloth@sirillp.com

**MARKOVITS, STOCK & DEMARCO, LLC**
Terence R. Coates (*pro hac vice* pending)
Jonathan T. Deters (*pro hac vice* pending)
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
tcoates@msdlegal.com
jdeters@msdlegal.com

**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**
Zachary Arbitman (*pro hac vice)*
Nicole A. Maruzzi (*pro hac vice)*
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: (215) 567-8300
zarbitman@feldmanshepherd.com
nmaruzzi@feldmanshepherd.com

*Proposed Interim Class Counsel*

**EMERY REDDY, PC**
M. Anderson Berry (*pro hac vice*)
Gregory Haroutunian (*pro hac vice*)
Brandon P. Jack (*pro hac vice* to be filed)
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: 916.823.6955
anderson@emeryreddy.com
gregory@emeryreddy.com
brandon@emeryreddy.com

**MILBERG, PLLC**
Jason T. Dennett (*pro hac vice)*

1700 7th Ave, Suite 2100
Seattle, WA 98101
Telephone: (516) 515-9124
jdennett@milberg.com

**MEYER WILSON WERNING CO., LPA**
Matthew R. Wilson (*pro hac vice* to be filed)
305 W. Nationwide Blvd.
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
mwilson@meyerwilson.com

**LEVIN LAW, P.A.**
Brian Levin (*pro hac vice* to be filed)
2665 South Bayshore Drive, PH2b
Miami, FL 33133
Telephone: (305) 402-9050
Facsimile: (305) 676-4443
brian@levinlawpa.com

*Additional Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I served the foregoing in accordance with Fed. R. Civ. P. 5(b)(2)(E) upon all counsel of record by filing it with the Court's electronic-filing system.

*/s/ Oren Faircloth*
Oren Faircloth